UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA

         v.

YAILY SANTURIO MILIAN and
CLAUDIA DIAZ,

                  Defendants.

**DECISION AND ORDER**

15-CR-40A

———————————————————

      Defendants Yaily Santurio Milian ("Milian") and Claudia Diaz ("Diaz") were arrested on a pre-indictment complaint on January 29, 2015. A grand jury subsequently issued an indictment, and the Court arraigned Milian and Diaz on March 18, 2015. The Court held a detention hearing that spanned multiple dates: March 31 and April 3, 6, 9, 15, and 17, 2015. The Court had to continue the detention hearing so many times because an unusually confusing question arose as to whether defendants posted bail bonds for the charges that they are facing simultaneously in Dewitt Town Court in Onondaga County, New York. Whether Milian and Diaz successfully posted bond mattered here because counsel would not press for release knowing that a state court warrant would operate as a detainer. Ultimately, the Court ordered each defendant detained but without prejudice to renewing their argument for release once counsel clarified the issue of the local bond.

      On April 23, 2015, Milian filed a motion (Dkt. No. 25) to revisit detention, having confirmed that a bond was successfully posted. The Court held a bail

review hearing on April 27, 2015. At the hearing, Diaz joined in the pending motion. The Government maintained its position that both defendants should remain in custody.

Now having reviewed the motion papers, the prior proceedings, and the bail factors under 18 U.S.C. § 3142(g), the Court grants the pending motion conditionally. The prerequisites to release are as follows:

1) The United States Probation Office ("USPO") will have to confirm that courtesy supervision will be available in the District of Nebraska, where Diaz's family resides, and in the Southern District of Florida, where Milian's family resides.

2) Each defendant will have to provide a verified and suitable residence where she will stay. The USPO, directly or through its sister offices in the other districts, will investigate each proposed residence and provide confirmation to the Court.

3) Each defendant will sign a $1,000 cash bond that must be co-signed by at least one surety who has no criminal history and who has some kind of permanent status in this country. If necessary, the Court will arrange for the sureties to post bail and to sign the respective bonds at the District Courts closest to where they reside.

4) Each defendant will abide by conditions of release that must include home incarceration with electronic monitoring; surrender of any passports or

travel documents with no new documents obtained; and travel restricted to the districts where they will reside along with this District for court appearances only.  Home incarceration can be reduced to a curfew if defendants obtain employment.  Appearance by videoconference might be available for some proceedings in the future, but when the Court requires personal appearances, defendants bear full responsibility for any travel arrangements.

5) The USPO will propose additional conditions of release as it sees fit and will prepare an order accordingly.

To facilitate the logistics of defendants' release, a Status Conference will occur on **May 14, 2015 at 10:00 AM**.  The Government is directed to produce both defendants.

SO ORDERED.

                                                                                   */s Hugh B. Scott*
                                                                           HONORABLE HUGH B. SCOTT
                                                                           UNITED STATES MAGISTRATE JUDGE

DATED: May 5, 2015